IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYVLANIA

DIANE RAND,

                Plaintiff,

vs.

EOS CCA COMPANIES,

                Defendant.

Civil Action No.: 11-215 Erie

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, comes Defendant, EOS CCA, by and through its counsel, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN and DANIELLE M. VUGRINOVICH, ESQUIRE, and files the within Answer and Affirmative Defenses as follows:

### ANSWER TO INTRODUCTION

1. The averments in this paragraph are admitted in part and denied in part. It is admitted that Plaintiff attempts to allege a claim based upon the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.*; however, any and all liability alleged thereunder is hereby denied.

### ANSWER TO JURISDICTION AND VENUE

2. The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

3. The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied. By way of further response, EOS CCA

denies that it transacts any business in the Commonwealth of Pennsylvania, except and exclusively through means of interstate commerce.

4.  The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are admitted. By way of further clarification, any and all liability thereunder is hereby denied.

5.  The averments in paragraph No. 5 are denied. Although this paragraph sets forth a conclusion of law to which no response is required, it is specifically denied that declaratory relief is available under the FDCPA, even through Plaintiff's attempt to circumvent the FDCPA through the utilization of the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02 (1976).

## ANSWER TO PARTIES

6.  Upon information and belief, the averments in this paragraph are admitted.

7.  The averments in this paragraph are conclusions of law to which no response is required. By way of further clarification, EOS CCA is without information sufficient to form a belief as to whether the debt incurred by the Plaintiff was incurred primarily for a personal, family or household use. Therefore, these averments are denied.

8.  The averments in this paragraph are admitted in part and denied in part. It is admitted that EOS CCA maintains an office at the address set out in this paragraph. However, the remainder of the averments are denied. Specifically, the term "debt collection company" is vague and EOS CCA is

unable to respond to this paragraph. The remainder of the averments are legal conclusions which are denied.

9. The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, it is admitted that, at times, EOS CCA's conduct renders it a debt collector as the term is defined under the FDCPA. It is admitted that EOS CCA was attempting to collect a debt from the Plaintiff. However, the remainder of the averments are denied. It is specifically denied that EOS CCA intended to collect a "consumer debt" from the Plaintiff because EOS CCA has insufficient knowledge or belief as to whether the debt at issue was incurred primarily for personal, family or household use and leaves Plaintiff to her burden of proof.

10. The averments in this paragraph are admitted in part and denied in part. If EOS CCA's employees were acting within the course and scope of their employment, then it is admitted that the EOS CCA acted through its employees. However, if information is to the contrary, said averments are denied. Unless otherwise admitted, EOS CCA denies the allegations in this paragraph.

## ANSWER TO PRELIMINARY STATEMENT

11. The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

12.     The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

13.     The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

14.     The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

## ANSWER TO FACTUAL ALLEGATIONS

15.     The averments in this paragraph are admitted in part and denied in part. It is denied that EOS CCA was hired to collect an "alleged" debt. To the contrary, said debt was valid and due and owing. EOS CCA admits that it was retained to recover on a valid and delinquent debt obligation in excess of $2,800 owed by Plaintiff to which she failed to pay.

16.     The averments in this paragraph are denied. By way of further response, EOS CCA is without information sufficient to form a belief as to whether the debt at issue arose out of transactions which were primarily for person, family or household purposes and Plaintiff is left to her burden of proof.

17.     The averments in this paragraph are denied. However, it is admitted that EOS CCA contacted Plaintiff at the residential number that she

provided in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligation.  The remaining averments are denied.

     18.   EOS CCA admits that the toll free number identified in this paragraph is a telephone number utilized by EOS CCA.  Unless otherwise admitted, EOS CCA denies these allegations.

     19.   EOS CCA denies that its records reflect that it called Plaintiff's place of employment and leaves Plaintiff to her proofs thereof.

     20.   The averments in this paragraph are denied.  It is specifically denied that EOS CCA had knowledge of a telephone number associated with Plaintiff's place of employment. The telephone numbers called by EOS CCA are residential telephone numbers.[1]

     21.   The averments in this paragraph are denied and Plaintiff is left to her proofs.

     22.   The averments in this paragraph are denied and Plaintiff is left to her proofs.

     23.   The averments in this paragraph are denied.

     24.   The averments in this paragraph are denied.

     25.   The averments in this paragraph are denied.  To the contrary on one of the two occasions where EOS CCA contacted Plaintiff, an incoming call from Plaintiff on September 10, 2010, it informed Plaintiff that the debt

---

[1] The address identified as Plaintiff's address in Cranesville and the residential telephone number listed for Plaintiff for the property in Cranesville is also associated with a company called Muttley Crew Dogs (see www.muttleycrewflyingdogs.net), sharing the same residential telephone number provided by Plaintiff, ending in 3322.

concerned a Cellular One debt to which Plaintiff merely responded that she had not renewed her contract and she was shocked by the high balance on her debt.[2]

26. The averments in this paragraph are denied and Plaintiff is left to her proofs.

27. The averments in this paragraph are denied and Plaintiff is left to her proofs.

28. The averments in this paragraph are denied. EOS CCA specifically denies that it engaged in any conduct with the intent to harass, abuse or deceive Plaintiff and a factual basis for these conclusory allegations is demanded of Plaintiff.

## ANSWER TO CONSTRUCTION OF APPLICABLE LAW

29. The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

30. The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

31. The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, said averments are denied.

---

[2] EOS CCA's records reflect a second contact, which was an incoming call from Plaintiff's counsel on November 2, 2010.

## ANSWER TO COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. The averments in this paragraph are conclusions of law to which no response is required; however, to the extent a response is deemed necessary, EOS CCA responds as follows:

    a. It is denied that EOS CCA communicated with Plaintiff at her place of employment despite Plaintiff's demands that such contact cease in violation of 15 U.S.C. §1692c(a)(1);

    b. It is denied that EOS CCA communicated with third parties in violation of 15 U.S.C. §1692c(b);

    c. It is denied that EOS CCA harassed, oppressed or abused Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    d. It is denied that EOS CCA caused a telephone to ring or engaged Plaintiff in a telephone conversation on a repeated or continuous basis with the intent to annoy, abuse or harass Plaintiff in violation of 15 U.S.C. §1692d(5);

    e. It is denied that EOS CCA used false, deceptive or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §1692e;

    f. It is denied that EOS CCA used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff in violation of 15 U.S.C. §1692e(10);

     g.    It is denied that EOS CCA failed to disclose to Plaintiff its identity as a debt collector and failed to disclose to Plaintiff that it was attempting to collect a debt and any information obtained will be used for that purpose in violation of 15 U.S.C. §1692e(11);

     h.    It is denied that EOS CCA used unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f; and

     i.    It is denied that EOS CCA acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## ANSWER TO JURY DEMAND

EOS CCA admits that Plaintiff requests a trial by jury.  EOS CCA denies that Plaintiff has a right to a jury trial absent any viable claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the EOS CCA upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. §1692k(c), to the extent that a violation is established on behalf of EOS CCA, any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted by EOS CCA and/or any of its agents to avoid any such error.

### THIRD AFFIRMATIVE DEFENSE

If EOS CCA violated the FDCPA which is denied, Plaintiff incurred no actual damages as a result of the purported violation.

### FOURTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have incurred, which are denied, were the direct and proximate result of the conduct of Plaintiff.  Plaintiff is estopped and barred from recovery of any damages resulting from his own conduct.

### FIFTH AFFIRMATIVE DEFENSE

In the event Plaintiff is able to adequately plead a violation of the FDCPA, Plaintiff is only entitled to statutory damages capped at $1,000 per action not per violation.  See Goodmann v. People's Bank, et al, 2006 U.S. App LEXIS 31555 (3rd Cir. Dec. 21, 2006); Brown v. Midlands of Butterfield, 2004 U.S. Dist. LEXIS 9822, *16 n8, Civil Action No. 03-CV-05850 (ED Pa., May 24, 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005) Mann v. Acclaim Fin. Servs., 348 F. Supp. 2d 923, 926 (SD. Ohio 2004); and see Ganske v. Checkrite, Ltd., 1997 U.S. Dist. LEXIS 4345, 12-13 (D. Wis. 1997): Wright v. Finance Service of Norwalk, Inc., 22 F.3d 647, 650-51 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561, 1563 (11th Cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188, 191 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61, 69 (E.D.N.Y. 1994);

Beattie v. D.M. Collections, Inc., 764 F. Supp. 925, 928 (D.Del. 1991); Harvey v. United Adjusters, 509 F. Supp. 1218, 1222 (D.Or. 1981).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred any actual damage, including physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, improperly diminished credit score, emotional distress, out-of-pocket harm or other injuries justifying a claim for actual damages as a result of the permissible, reasonable and appropriate conduct of EOS CCA or its agents.

### SEVENTH AFFIRMATIVE DEFENSE

EOS CCA did not violate 15 U.S.C. §1692c(a)(1) because it did not contact her at her place of employment.

### EIGHTH AFFIRMATIVE DEFENSE

EOS CCA did not violate 15 U.S.C. §1692c(b) because it did not improperly communicate with third parties.

### NINTH AFFIRMATIVE DEFENSE

EOS CCA did not violate 15 U.S.C. §1692(d) because it did not use any means of harassment, oppression or abuse in an attempt to collect the valid debt owed by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

EOS CCA did not violate 15 U.S.C. §1692d(5) because it did not cause the telephone to ring or engage Plaintiff in a telephone conversation on a repeated or continuous basis with the intent to annoy, abuse or harass Plaintiff. In fact, EOS CCA's records reflect no more than a single call on any given day in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligation.

**ELEVENTH AFFIRMATIVE DEFENSE**

EOS CCA did not violate 15 U.S.C. §1692e because it did not use false, deceptive, or misleading representations or means in connection with the collection of the debt.

**TWELFTH AFFIRMATIVE DEFENSE**

EOS CCA did not violate 15 U.S.C. §1692e(10) because it did not use false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

EOS CCA did not violate 15 U.S.C. §1692e(11) because it did not fail to disclose to Plaintiff its identity as a debt collector or fail to disclose to Plaintiff that it was attempting to collect a debt or obtain information concerning Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

EOS CCA did not violate 15 U.S.C. §1692f because it did not use unfair or unconscionable means to collect or attempt to collect a debt. Further, Plaintiff does not offer any facts showing an independent basis for a claim under 15 U.S.C. §1692f. *See* Shand-Pistilli v. Prof'l Account Servs., 2010 U.S. Dist. LEXIS 75056, 16-17 (E.D. Pa. July 26, 2010)(*quoting* Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)). Therefore, Plaintiff's claims under Section 1692f should be dismissed or withdrawn

### FIFTHTEENTH AFFIRMATIVE DEFENSE

EOS CCA did not violation the FDCPA in any other manner because it did not act in an otherwise deceptive, unfair and unconscionable or fail to comply with the FDCPA.

### SIXTEENTH AFFIRMATIVE DEFENSE

Because EOS CCA had a single conversation with Plaintiff on September 10, 2010 when Plaintiff called EOS CCA, and because the instant complaint was filed on September 22, 2011, Plaintiff's claims are barred by the FDCPA's one year statute of limitations from the date of the purported violative conduct.

### SEVENTEETH AFFIRMATIVE DEFENSE

Any violation of law or damages allegedly suffered by Plaintiff, which EOS CCA denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of EOS CCA.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to show any violation of the FDCPA and therefore is not entitled to attorneys' fees or costs.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering statutory damages against EOS CCA's absence of showing that they violated FDCPA.

### TWENTIETH AFFIRMATIVE DEFENSES

Declaratory relief is unavailable to private litigants for claims premised on the FDCPA.  See Weiss v. Regal Collections, 385 F.3d 337, 341-42 (3d Cir. 2004).  Additionally, Plaintiff seeks declaratory relief premised on the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (1976), to circumvent the purposeful exclusion of declaratory relief under the FDPCA, and Plaintiff's attempt to seek declaratory or injunctive relief should be dismissed or withdrawn.  See Weiss, supra., and see Sibley v. Fulton Dekalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982)("The thrust of the [FDCPA] is prevention of harassment and abuse as well as false, deceptive or misleading practices.... equitable relief is not available to an individual under the civil liability section of the Act").

Additionally, The U.S. District Court for the Central District of Illinois thoroughly analyzed this issue in Zanni v. Lippold, 119 F.R.D. 32, 33 (D. Ill. 1988) as follows:

In Duran v. Credit Bureau of Yuma, 93 F.R.D. 607 (D. Ariz. 1982), the court held that it was without jurisdiction to grant injunctive relief to a consumer aggrieved by a debt collector's failure to comply with the requirements of the Fair Debt Collection Practices Act (FDCPA). That view is supported by the language of the FDCPA, . . . . by the Act's legislative history; by a comparison of the Act with other consumer protection statutes and cases which have specifically ruled that comparable civil liability or enforcement provisions should be narrowly construed. Id. at 608 (footnotes omitted). Similarly, in Strong v. National Credit Management Co., 600 F. Supp. 46 (E.D. Ark. 1984), the court stated: "The FDCPA specifically authorizes the Federal Trade Commission (FTC) to seek injunctive relief (15 U.S.C. § 1691(l)) and defendant persuasively argues that this is a strong indication of Congress' intent to limit private actions to damage claims." Thus, the Court held no private action for injunctive relief lies under the statute. Finally, we consider the Act's legislative history. The Senate Report on the FDCPA, S. Rep. No. 382, 95th Cong., 2d Sess. 5, *reprinted in* 1977 U.S. Code Cong. & Ad. News 1695, 1699-1700, sets out detailed civil liability penalties. These penalties, however, are neatly divided according to who is bringing the action. Consumers are allowed "actual damages . . . . as well as any additional damages the court deems appropriate, not exceeding $ 1,000." Significantly, the report does not say "as well as any additional *relief* the court deems appropriate." Clearly, Congress was allowing only for monetary damages where private parties were concerned. Conversely, in the following section of the report, entitled "Administrative enforcement," the report states: "The Federal Trade Commission is authorized to treat violations of the act as violations of a trade regulation rule, which empowers the Commission to obtain restraining orders and seek fines in federal district court." Thus, Congress did provide for injunctive relief under the Act, but reserved its availability to the FTC. Undoubtedly, there was a conscious decision made by Congress to divide the available relief. We will not upset Congress' decision.

Therefore, Plaintiff's efforts to seek declaratory relief by circumventing the FDCPA through application of the Federal Declaratory Judgment Act and Plaintiff's prayer for relief fail as a matter of law and should be withdrawn, stricken or dismissed.

**WHEREFORE**, Defendant, EOS CCA respectfully requests this Honorable Court enter judgment in its favor dismissing Plaintiff's Complaint and any and all other relief as the Court deems is just and equitable.

                        Respectfully submitted,

                        **MARSHALL, DENNEHEY, WARNER,**
                        **COLEMAN & GOGGIN**

By:   */s/ Danielle M. Vugrinovich, Esquire*
       DANIELLE M. VUGRINOVICH, ESQUIRE
       PA I.D. #88326
       **Attorneys for Defendant,**
       **EOS CCA**

       US Steel Tower, Suite 2900
       600 Grant Street
       Pittsburgh, PA  15219
       412-803-1185
       412-803-1188
       dmvugrinovich@mdwcg.com